UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JORGE RIVAS, | CASE NO. C08-1140 RSM |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |
| THE FISHING COMPANY OF ALASKA, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' "Motion to Compel Rule 35 Examination." (Dkt. #13). Plaintiff Jorge Rivas brought the instant lawsuit based on physical and cognitive injuries he allegedly sustained while working as a processor aboard the F/V Alaska Juris in 2006. As a result of the mental injuries he claims to have suffered, Plaintiff agreed to attend a Rule 35 examination with a neuropsychologist, Dr. Kenneth Muscatel.

The examination was originally scheduled for April 10, 2009, but was cancelled on April 9 because Plaintiff was not feeling well. The rescheduled examination was to occur over two days on April 24 and April 28. However, when Plaintiff appeared at Dr. Muscatel's office for the first half of his evaluation on April 24, Plaintiff alleges that the office was

ORDER
PAGE - 1

empty. It appears that Dr. Muscatel scheduled Plaintiff's examination on April 25 rather than April 24.

The parties attempted to reschedule the examination to no avail. The parties could not settle upon a date because Plaintiff's counsel indicated to Defendants' counsel that he would agree to an examination only if (1) Defendants paid $500 to Plaintiff to compensate him for his inconvenience, and (2) Defendants allowed Plaintiff to inspect the vessel that Plaintiff suffered injuries on for a second time.[1] Defendants offered to pay Plaintiff $50 for his troubles, but otherwise rejected Plaintiff's requests.

The parties subsequently held a Rule 37 conference to meet-and-confer in an attempt to resolve this matter without the Court's involvement. During this discussion, Plaintiff's counsel lowered his request to $400, but still demanded a second inspection of the vessel. Once again, Defendants refused these requests and the instant motion to compel followed.

FRCP 35(a) provides in pertinent part:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner [.] . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

FRCP 35(a) is to be construed liberally in favor of granting discovery. *Turner v. Imperial Stores*, 161 F.R.D. 89, 96 (S.D. Cal. 1995).

In the instant case, Plaintiff has alleged claims in his complaint that include "loss of enjoyment of life." (Dkt. #1, Pl.'s Compl., ¶ 11). Furthermore, Plaintiff makes no argument in his pleadings that a Rule 35 examination should not occur. The current dispute instead revolves around the demands made by Plaintiff's counsel described above.

The Court finds that these requests are clearly unreasonable. It is readily apparent from the record that what occurred here was a scheduling mishap. At no fault of Defendants or

---

[1] Notably, Plaintiff previously inspected the vessel on December 20, 2008. However, Plaintiff contends that this inspection was insufficient because Plaintiff's inspector could not take certain measurements. Plaintiff has brought a motion to compel a second vessel inspection that is currently pending before the Court. (Dkt. #20).

ORDER
PAGE - 2

Defendants' counsel, either Dr. Muscatel or his secretary inadvertently scheduled Plaintiff's examination for April 25. The exhibit submitted by Defendants' counsel clearly establishes that Dr. Muscatel sent an email to Defendants' counsel confirming that it was his understanding that the examination was to occur on April 25. (*See* Dkt. #17, Decl. of Bealty, Ex. 1).

In addition, Plaintiff's counsel can point to no case law justifying the extraordinary relief of monetary compensation for a scheduling error in the context of a Rule 35 examination. Nor can Plaintiff's counsel demonstrate that a completely unrelated discovery issue should be considered as part of the instant motion to compel. In fact, it is certainly in Plaintiff's best interest and the interests of justice to conduct a Rule 35 examination as soon as practically possible to determine the full scope of his injuries and his claims.

The unreasonableness of Plaintiff's position is further highlighted by Plaintiff's deposition that was conducted after the instant motion to compel was filed. During the deposition, Plaintiff clearly admits that he suffered no significant inconvenience or financial detriment as a result of the scheduling mishap. (*See* Dkt. #18. Ex. 1, Dep. of Rivas, pp. 3:12 – 4:11). The deposition additionally reveals that Plaintiff's counsel zealously attempted to block this line of questioning on the grounds of attorney-client privilege. Plaintiff's counsel even submitted a separate errata sheet the day after the deposition clarifying his objections to Defendants' counsel's questions. (*Id.*, Ex. 2). This conduct exhibits what Defendants' counsel correctly characterizes as gamesmanship.

Ultimately, the Court finds no basis in Plaintiff's counsel's demands seeking financial gain and leverage for a separate issue related to this litigation. Counsel are reminded that this Court expects, and demands, professional behavior at all times from witnesses and attorneys as well.

Therefore having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1) Defendants' "Motion to Compel Rule 35 Examination" (Dkt. #13) is GRANTED. The parties are directed to schedule and conduct Plaintiff's Rule 35 Examination with Dr. Muscatel no later than thirty (30) days from the date of this Order.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this  15  day of June, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE